BOWEN, Judge.
The defendant was indicted for grand larceny and escape. A jury found the defendant not guilty of grand larceny and guilty of escape. Sentence was eighteen months’ imprisonment.
The defendant was an inmate of the state prison system assigned as a staff member to the Montgomery Work Release Center. He was a bus driver. The defendant was not on work release. Because of some allegations that he had attempted to steal cigarettes from a grocery store in Montgomery, the defendant was going to be transferred to Kilby Correctional Facility for safekeeping during the investigation. During the transfer, just after they “had gotten out the gate” of the work release center and before the defendant could be placed in a car, the defendant “broke and ran” from the custody of two correctional counselors.
The defendant was indicted under the provisions of Alabama Code 1975, Section 13-5-65, pertaining to felony escape from a penitentiary or from custody. The defendant contends that he should have been indicted under Section 14-8-8 for misdemeanor escape.
Under the particular facts of this case, we need not determine whether the escape of an inmate staff member of a work release program, that inmate not being on work release, constitutes a felony under Section 13-5-65 or a misdemeanor under Section 14-8-8. Here it is clear that the defendant escaped from the actual custody of two correctional counselors who were transporting the defendant from the work release center to a state penitentiary. We do not think that the intent of the state legislature in passing Section 14-8-8 and Section 14-8-10 was to reduce this type of escape from a felony to a misdemeanor. This was not a case of a mere failure “to remain within the extended limits of his confinement or to return within the time prescribed to the place of confinement” condemned by Section 14-8-8. Jenkins v. State, 367 So.2d 587 (Ala.Cr.App.1978), 367 So.2d 590 (Ala.1979); Miller v. State, 349 So.2d 129 (Ala.Cr.App.1977).
We have searched the record and found no error prejudicial to the defendant. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.