Randy Willard Nichols was convicted of first degree escape and sentenced to life imprisonment as a habitual offender. This appeal is from that conviction.
 I
Nichols argues that he was indicted under the wrong code section because his alleged escape constituted a misdemeanor and not a felony.
The undisputed evidence shows that Nichols was an inmate of the state prison system serving a ten-year sentence for a 1980 conviction of second degree burglary. On April 17, 1982, Nichols was incarcerated at the Alabama Department of Corrections' Decatur Community Based Facility, a work release center. Nichols left the center without permission and was captured.
Nichols testified that he had been at the center for fourteen days and did not have a job. He said he left the center so that he would get a prison "disciplinary" and be sent to another work release center where he could get a job.
Nichols was indicted and convicted for the felony offense of escape in the first degree under § 13A-10-31(a)(2), Alabama Code 1975: "having been convicted of a felony, . . . and pursuant to that conviction having been placed in the custody of David Jones, Director of the State of Alabama Department of Corrections Decatur Community Based Facility, did escape or attempt to escape from said custody." Under § 13A-10-31(a)(2), "A person commits the crime of escape in the first degree if: * * * (2) Having been convicted of a felony, he escapes or attempts to escape from custody imposed pursuant to that conviction." *Page 852 
Claiming that he should have been indicted under § 14-8-42, Nichols argues that his conduct constituted only a misdemeanor. At one time, there were two Code sections which made escape while on work release a misdemeanor. Section 14-8-8 covered state inmates on work release in state custody. Section 14-8-42
pertained to county inmates and state inmates in county custody. Allen v. State, 481 So.2d 418, 419 (Ala.Cr.App. 1985).
Section 14-8-8 was repealed before Nichols's offense. 1977 Ala. Acts 812, No. 607, § 9901 (effective January 1, 1980). Section 14-8-42 did not apply to Nichols because he was not in county custody. Furthermore, neither section applied to Nichols because both sections condemned "[t]he willful failure of an inmate to remain within the extended limits of his confinement or to return to the place of confinement within the time prescribed." Nichols's conduct in escaping from the work release center itself was beyond the scope and intent of these two statutes. See Hall v. State, 386 So.2d 765 (Ala.Cr.App.), cert. denied, Ex parte Hall, 386 So.2d 766 (Ala. 1980).
The construction of the term "custody" found in Alexander v.State, 475 So.2d 625 (Ala.Cr.App. 1984), reversed on other grounds, Ex parte Alexander, 475 So.2d 628 (Ala. 1985), cannot apply to this case because that interpretation has only a prospective application. However, Alexander has no application here. In that case an inmate failed to return to the Decatur work release center from his place of employment. Here, Nichols escaped from the work release center. There were no extended limits of confinement or failure to return involved.
The facts show that Nichols had been convicted of a felony and escaped from the custody imposed pursuant to that conviction. Those are the very elements of first degree escape defined by § 13A-10-31(a)(2). Therefore, his motion to dismiss the indictment was properly denied.
 II
Nichols argues that he was denied his constitutional right to a speedy trial.
The significant events relevant to this issue are set out in chronological order. There was no testimony or evidence submitted in support of this issue. The following facts are gathered and summarized from Nichols's testimony at trial, the judgment entries of the circuit court, and the pleadings filed in this case. None of the pleadings are verified.
April 17, 1982 Nichols escapes.
 April 18, 1982 Nichols is arrested and taken to the Morgan County Jail. Subsequently, he was returned "back to prison."
 December 13, 1982 Nichols is indicted for first degree escape.
 November, 1984 Nichols is released from prison after serving his sentence.
 December 12, 1984 Morgan County Circuit Court orders Nichols transported from the custody of the Board of Corrections to the Morgan County Jail for arraignment on January 7, 1985
 January 9, 1985 A "notice of failure to appear and conditional bond forfeiture" is issued against Nichols for his failure to appear on January 7th. A writ of arrest is also issued.
 February 28, 1986 This notice is served and Nichols is arrested.
 March 20, 1986 Nichols writes a letter to the circuit clerk of Morgan County stating that because of his release from prison he was never notified of his court appearance date. He alleges that 72 hours before his release "Morgan County law officials" were notified to "come get him." Nichols requests to he "released on [his] own accord until this matter is disposed of."
 March 25, 1986 Nichols is appointed counsel and arraigned.
 April 16, 1986 Nichols files a "motion to dismiss for lack of speedy trial," which is overruled the same date.
 May 1, 1986 Nichols agrees to a continuance of his case.
July 31, 1986 Nichols is convicted.
Applying the four-part test of Barker v. Wingo, 407 U.S. 514,92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), we find that Nichols has not sustained his allegation that he was denied a speedy trial. (1) The delay in this case is approximately three years and seven and one-half months. Three months of that delay cannot be considered because it resulted from Nichols's consent to a continuance of his trial. Beaver v. State, 455 So.2d 253, 255
(Ala.Cr.App. 1984); Johnson v. State, 356 So.2d 769, 771
(Ala.Cr.App. 1978). *Page 853 
(2) Although Nichols stated in his motion to dismiss that the Morgan County officials "absolutely refused" to get him at Kilby Prison after notification had been given that he would be there for three days prior to his release, there was no evidence to support that allegation. Since the motion was not verified, it cannot be considered as evidence or proof of the facts alleged. Smith v. State, 364 So.2d 1, 14 (Ala.Cr.App. 1978) (motion for new trial). Apart from this, the record contains no reason for the delay.
(3) Nichols first asserted his right to a speedy trial approximately three and one-half months before his trial. The record shows that a copy of the indictment was served on him on December 31, 1982. This dilatory assertion undercuts Nichols's contention that his Sixth Amendment right has been violated.Barker, 407 U.S. at 531-32, 92 S.Ct. at 2192-2193; Dean v.Duckworth, 748 F.2d 367, 371 (7th Cir. 1984), cert. denied,469 U.S. 1214, 105 S.Ct. 1188, 84 L.Ed.2d 335 (1985).
Under the Alabama Rules of Criminal Procedure (Temporary), the issue of the denial of a speedy trial should be raised by a motion to dismiss, Rule 16.2, filed "at or before arraignment or by such later date as may be set by the court." Rule 16.3. Nichols failed to comply with these rules.
(4) Nichols has not even alleged, at trial or on appeal that he was prejudiced by this delay. While in some cases it may not be necessary for the accused to demonstrate actual prejudice,Barker, 407 U.S. at 532-33, 92 S.Ct. 2192-2193; United Statesv. Dennard, 722 F.2d 1510, 1513-14 (11th Cir. 1984), in this case the other three factors of Barker do not weigh heavily against the State. At trial, Nichols testified against his counsel's advice. He admitted every element of the offense charged and offered no legal excuse or justification for his actions.
Despite the substantial delay present, Nichols has neither proven nor even suggested any resulting prejudice. Ex parteBlake, 469 So.2d 1301, 1303-04 (Ala. 1985). "Mere passage of time, without more, does not amount to denial of speedy trial."Lovell v. State, 477 So.2d 485 (Ala.Cr.App. 1985); Wade v.State, 381 So.2d 1057, 1060-61 (Ala.Cr.App.), cert. denied, Exparte Wade, 381 So.2d 1062 (Ala. 1980). Balancing the four factors of Barker, we find that Nichols's motion to dismiss for want of a speedy trial was properly denied.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.