TAYLOR, Judge.
Carl Eugene Brantley has previously appealed to this court a number of denials of petitions for writs of habeas corpus and coram nobis. This case is an appeal from his conviction after pleading guilty to escape in the second degree. The fact that he is no stranger to the penal system is evidenced by the following from the transcript of his guilty plea hearing:
“THE COURT: How many times have you escaped?
“THE DEFENDANT: Eleven from Bibb County.
“THE COURT: In all?
“THE DEFENDANT: Twenty-eight. That’s over 20 years.”
Appellant Brantley was charged with first degree escape from the Bibb County Jail after having been convicted of a felony. At lunchtime on the day of his trial, the circuit clerk stated to the jurors that they should pay special attention to adhering to the court’s charges about not discussing the case. He said the appellant was a “professional writ writer” and would look for errors to appeal the case on. When the trial judge learned of these remarks, he granted appellant’s motion for a mistrial. Thereafter, a plea-bargain agreement was worked out between appellant, his counsel, and counsel for the state. The terms of the bargain were that the appellant would plead guilty to escape in the second degree (“if he escapes or attempts to escape from a penal facility,” § 13A-10-32, Code of Alabama 1975), and, as a habitual offender with three prior convictions, would receive á sentence of 15 years.
I
On appeal Brantley first argues that the indictment was amended without his consent. This is not true. He and his attorney consented to the charge being escape II instead of escape I. We note that an accused may plead guilty to a lesser included offense without the necessity of amending the indictment. It was only after the plea-bargain was negotiated that the indictment was amended. The factual allegations of this issue are false and the issue totally without merit.
II
Appellant next contends that since he had had part of a trial before his motion for a mistrial was granted, his guilty plea amounted to double jeopardy. In fact, the appellant sought the mistrial and the law regarding double jeopardy does not apply to this situation. United States v. Grasso, 552 F.2d 46 (2d Cir.1977).
III
Brantley next contends that the court failed to comply with the constitutional mandates before accepting the guilty plea. The court did not go through the customary Boykin colloquy and the colloquy is deficient. It is aided, however, by the ex *1367 planation-of-rights form, which Brantley signed and indicated he understood. The form sets out the maximum and minimum penalties for this offense and includes information on the effects of the Habitual Felony Offender Act as to maximum and minimum penalties.
Brantley further contends that while he admitted to three prior felonies, one of those felonies was the one for which he was incarcerated at the time he made his escape. He argues, therefore, that since the felony was a part of the current offense to which he pleaded guilty, it could not also be used to enhance his punishment. Brantley apparently forgets that he .was not found guilty of escape I, which is grounded on escaping from custody imposed pursuant to a felony conviction. He was convicted of escape II, which is “escape from a penal facility.” Consequently, none of his three prior felonies were employed to make out the case on escape II or constituted an element of that offense. All three of those prior felonies to which he admitted in open court may, therefore, be used to enhance punishment. The court did not err in so employing all three felonies.
The following occurred:
“MR. 0WINGS: Let’s stay with this one for a minute, Your Honor. Did the state introduce evidence of the prior convictions?
“MR. GREENE: We did not. We did not do that and I think you’re very correct, the record does need to reflect something along that line.
“THE DEFENDANT: I admit three pri- or felony convictions.”
No error occurred with respect to using three prior felony convictions to enhance punishment.
IV
Appellant next contends that he was not given credit for time served awaiting trial. It is clear from the record that while the appellant was awaiting trial on this escape charge he was serving a sentence for a prior felony. A convict serving a term for one conviction while awaiting trial on a second one is not entitled to count that time twice. Youngblood v. State, 437 So.2d 629 (Ala.Cr.App.1983).
V
Appellant next contends that he was not advised of his right to appeal. This is a serious omission. However, failure to advise of appeal is raised for the first time on the direct appeal itself. It is obvious, therefore, that the appellant knew of his right to appeal and did in fact appeal the conviction. Under this circumstance, the error was error without injury and does not merit a reversal.
In conclusion, it appears that no reversible errors were committed during Brant-ley’s guilty plea proceedings. This case is, therefore, due to be affirmed.
AFFIRMED.
All the Judges concur.