PATTERSON, Presiding Judge.
Caddis L. Dukes appeals from the trial court’s dismissal of his A.R.Cr.P.Temp. 20 petition, as amended, in which he contested his 1987 conviction for second degree escape and his resulting sentence of 15 years’ imprisonment. Dukes’s appeal of this sentence and conviction was affirmed with no opinion on April 12, 1988. Dukes v. State, 531 So.2d 65 (Ala.Cr.App.1988).
The trial court granted the state’s motion to dismiss Dukes’s petition in which the state averred that the petition “does not state grounds upon which relief may be granted, and further that the Statute of Limitations has run.” Contrary to the attorney general’s argument, dismissal on this latter ground was improper, for the triggering date for the running of the two-year statutory limitations period “[i]n the case of a conviction appealed to the court of criminal appeals [is] the issuance of the certificate of judgment by the court of criminal appeals under Rule 41, Alabama Rules of Appellate Procedure,” which in this case was April 28, 1989. The instant petition was filed on October 30, 1990, and thus was filed within the two-year statutory period of limitations. See e.g., Flanagan v. State, 577 So.2d 559 (Ala.Cr.App.1990).
Dukes contends that the trial court erred in denying his petition without an evidentia-ry hearing. Thus, we turn to the allegations in the petition to determine whether, if taken as true, they would be meritorious and entitle Dukes to relief. See Johnson v. State, 555 So.2d 216, 218 (Ala.1989) (wherein the court stated that the petition must be meritorious on its face to warrant an evi-dentiary hearing).
Dukes first alleged that the trial court was without jurisdiction to impose his sentence because, he argues, he was guilty of the misdemeanor offense of escape as a state inmate in county custody who failed to return from work release, see § 14-8-42, rather than guilty of felony escape. This, however, is merely an argument as to sufficiency of the evidence, which Dukes was procedurally barred from raising in a Rule 20 petition, particularly because he had asserted it in a pro se motion for new trial, which was also argued by counsel and which was denied by the trial court. See Rule 20.2(a)(2).
Dukes further alleged that his trial counsel was ineffective,[1] for not researching the applicable statutes and for leaving him to answer to the charge in the indictment rather than answering to a misdemeanor charge. This issue is factually without merit, because counsel made a timely and proper motion for judgment of acquittal, and different counsel also asserted insufficiency of evidence in conjunction with Dukes’s pro se motion for new trial. Dukes further asserted that his appellate counsel was ineffective for “mishandling” the insufficiency of evidence issue; however, he does not specify how counsel mis *1068 handled this issue and, thus, this bare allegation is insufficient. Moreover, we see no merit in the underlying issue of sufficiency of evidence. The state’s evidence showed that, although Dukes may have been signed out as at work at his work release job, he had returned to the county jail; had been found in possession of marijuana; had been ordered to return to his sleeping quarters in the trusty cell; and thereafter was not seen again until his apprehension in Ohio years later.
Based upon our finding that the state’s evidence was sufficient to support the verdict, we consequently find to be without merit Dukes’s other two allegations of ineffectiveness of counsel based upon his insufficiency of evidence argument: that counsel failed to object to the court’s jury charge on second degree escape and that counsel failed to file a motion to dismiss the indictment because the indictment did not show that he was a state inmate housed in a county facility and where the facts supported only a misdemeanor charge.
Dukes also asserted ineffectiveness of trial counsel on the following grounds: that counsel failed to properly cross-examine and impeach the state’s witnesses by use of prior inconsistent statements and/or “counsel badly mishandl[ed] petitioner’s defense at trial and allow[ed] state to use perjured testimony to convict.” These grounds do not meet the specificity requirement of Rule 20.6(b):
“The petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings.”
See also Rule 20.3 (which requires that “[t]he petitioner ... have the burden of pleading ... by a preponderance of the evidence the facts necessary to entitle him to relief”).
Dukes makes several further allegations that trial counsel was ineffective, all of which are without factual merit. Dukes alleges that counsel was ineffective for failing to properly object to the prosecutor’s misconduct in presenting the state’s case out of order. A review of the trial record, however, discloses nothing improper about the order of the state’s presentation of its case. The allegation that counsel was ineffective for allowing Dukes to be sentenced as a habitual offender because the state gave no notice of its intent to sentence Dukes under the Habitual Felony Offender Act is also not based on fact, because the trial transcript contains written notice showing three prior felony convictions and certificate of service to Dukes. The allegation that counsel was ineffective for allowing the prosecution to use the three prior convictions because the prosecution did not show that Dukes had been represented by counsel on those prior convictions is not factually meritorious, because the certified records in the trial transcript show that he was represented by counsel on those convictions. Dukes’s claim that counsel was ineffective for failing to ask for production of the jail log for the date he escaped is also not factually meritorious, because the trial testimony of the custodian of the records of the sheriff’s department shows that she had searched the records, pursuant to Dukes’s counsel’s request, and the log for that date could not be found.
Dukes’s further asserted that counsel was ineffective for failing to contest the prosecution's use of his prior conviction for sale of marijuana “in light of the escape charge pursuant to its own enhancement statute.” This contention is legally without merit. Because Dukes was convicted of second degree escape, none of his three prior felonies were used to establish an element of the charged offense (as would be the case in a conviction for first degree escape); Dukes’s three prior felony convictions were properly used to enhance his punishment. See Brantley v. State, 527 So.2d 1365 (Ala.Cr.App.1988). Moreover, prior felony convictions for drug-related offenses, which fall outside the scope of our Criminal Code, may be used under the Habitual Felony Offender Act to enhance pun *1069 ishment for a non-drug-related felony. Gibson v. State, 555 So.2d 784, 798-99 (Ala.Cr.App.1989).
Finally, Dukes failed to factually support his allegation that counsel was ineffective for failing to subpoena Willie Cash, Carl Brantley, Jeffery Abercombie, and Dexter Hallman. Dukes submitted no affidavit from Willie Cash. Brantley’s alleged affidavit of his supposed knowledge of the escape, his proposed testimony, and the alleged intimidation to suppress his testimony claimed that he was questioned about an incident that had occurred on February 2, 1980. However, the trial transcript shows that Dukes’s escape occurred on May 24, 1980. Thus, Brantley’s'affida-vit lacked relevance and credibility. Brant-ley’s credibility was further damaged by his admissions that his criminal record showed “many escapes” and that he was to be tried the day after Dukes for another escape. Finally, Brantley’s affidavit was not accompanied by a jurat. Thus, it was properly disregarded. Abercombie’s alleged affidavit was likewise flawed, for it alleged that the incident occurred on February 24, 1980, and it contained no jurat. The affidavit also showed Abercombie to be an inmate at the time. Hallman’s affidavit was properly given no weight because it contained no jurat and contained no useful information.
In conclusion, Dukes’s petition was properly dismissed without any further proceedings because, on its face, it presented only allegations that either were not sufficiently specific, or were precluded, or failed to state a claim, or as to which no material issue of fact or law existed that would have entitled Dukes to relief. See Rule 20.7(d). Thus, contrary to Dukes’s argument on appeal, there was no need for the trial court to wait to dismiss until after the prosecution had filed an answer. On its face, the petition was without merit.
The issue of whether Dukes’s sentence was improperly enhanced because his prior convictions used for enhancement occurred prior to the effective date of the Habitual Felony Offender Act was not presented to the trial court and, thus, is not preserved for our review.
Accordingly, the judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur.

. In this case, we are not going to find that, by virtue of Dukes’s pro se motion for new trial, every claim in Dukes’s present petition should have been procedurally barred under Rule 20.-2(a)(3), precluding any ground, except jurisdiction, which could have been, but was not, raised at trial. Dukes was represented, in the motion for new trial proceeding, by counsel appointed immediately prior to the hearing on the motion.
"In the interests of fairness, of counsel's ethical duty to present valid and factually supported claims to the trial court, and of judicial economy, we are not going to require this counsel ... to have relied on his client’s memory and rendition of the trial proceedings in order to have asserted a claim of ineffectiveness in a motion for new trial. The instant record suggests that appellant's counsel had no fair opportunity to formulate and present the issue of ineffective counsel in a motion for new trial. To adequately and effectively raise the issue of ineffective counsel in a motion for new trial, counsel would have had to have, in all likelihood, access to a transcript of the trial proceedings. To suggest that the post-trial proceedings be held in abeyance until a trial transcript was available to counsel for use in preparing a motion for new trial would encourage unnecessary delay and unwise expenditure of judicial resources."
Blount v. State, 572 So.2d 498, 501 (Ala.Cr.App.1990). During the hearing on the motion for new trial, counsel asserted that he could not represent Dukes on his pro se motion, except the insufficiency ground, until a transcript of the trial proceedings was made available to him. The trial court rightfully refused to hold the proceeding in abeyance, and we will not now unfairly hold to that to Dukes’s detriment.