MONTIEL, Judge.
Robert Clyde Cork filed a Rule 32, A.R.Cr.P., petition with the Shelby Circuit Court attacking his guilty plea conviction for escape in the second degreé. In his petition, the appellant alleged 1) that his guilty plea was induced by an unfilled promise that he would get probation in two years; 2) that his counsel was ineffective because counsel told him that part of the plea agreement was that he would serve only two years and then be put on probation; and 3) that the trial court was without jurisdiction to render judgment or impose sentence.
The transcript of the guilty plea proceeding is included in the record. During the guilty plea proceedings, the appellant was asked, “Has anyone promised you a lighter sentence, particular sentence or probation to get you to say that you are guilty today?” The appellant replied, “No, sir.” Clearly, the first and second allegations are without merit.
The appellant was indicted for the offense of escape in the first degree, in violation of § 13A-10-31, Code of Alabama 1975. He pleaded guilty to the offense of escape in the second degree, in violation of § 13A-10-32, Code of Alabama 1975. Escape in the second degree is a Class C felony. The appellant contends that the trial court was without jurisdiction to render judgment or impose sentence because he should have been indicted for and convicted of the willful failure of an inmate to remain within the extended limits of his *1128 confinement or to return to the place of confinement within the time prescribed, in violation of § 14-8-42, Code of Alabama 1975, a misdemeanor offense. The appellant argues that because he was a state inmate on work release in county custody at the time of his escape, he was guilty only of the misdemeanor offense defined in § 14-8-42.
Section 14-8-42, Code of Alabama 1975, reads as follows:
“The willful failure of an inmate to remain within the extended limits of his confinement or to return to the place of confinement within the time prescribed shall be deemed an escape from a state penal institution in the case of a state inmate and an escape from the custody of the sheriff in the case of a county inmate and shall be punishable accordingly.”
Section 14-8-43, Code of Alabama 1975, states, “Anyone violating any of the provisions of this article shall be guilty of a misdemeanor.” This court has consistently held that a “county inmate or a state inmate in county custody who fails to return from work release is guilty of only a misdemeanor.” Webb v. State, 539 So.2d 343, 345 (Ala.Crim.App.1987) (emphasis added). See also Moncrief v. State, 551 So.2d 1175 (Ala.Crim.App.1989); Alexander v. State, 475 So.2d 625 (Ala.Crim.App.1984), rev’d on other grounds. The appellant’s assertion that the trial court lacked jurisdiction to render judgment and impose sentence would be correct if the appellant had failed to return to the county jail from his place of employment at the appointed time. However, in this case the record shows that the appellant “walked out of the jail, got a car and left.” Here, as in Nichols v. State, 518 So.2d 851, 852 (Ala.Crim.App.1987), the appellant “escaped from the work release center. There were no extended limits of confinement or failure to return involved.”
Section 13A-10-32, Code of Alabama, 1975 states, “A person commits the crime of escape in the second degree if he escapes or attempts to escape from a penal facility.” A penal facility is defined as “[a]ny security correctional institution for the confinement of persons arrested for, charged with or convicted of a criminal offense, including but not limited to the following security facilities: the state penitentiary and any branch thereof or any county or city jail.” Clearly, the appellant’s guilty plea to escape in the second degree was proper in light of the appellant’s testimony at the guilty plea proceeding. The trial court was not without jurisdiction to render judgment or impose sentence. Further, trial counsel could not be ineffective for failing to raise this issue because there is no merit to this issue.
AFFIRMED.
All the Judges concur.