McMILLAN, Judge.
The appellant was convicted of escape in the third degree, in violation of § 13A-10-33, Code of Alabama 1975. He was sentenced to imprisonment for one year and one day and was ordered to pay $50 to the Victims’ Compensation Fund.
The municipal court found the appellant in contempt for failing to comply with 12 previous municipal court orders and sentenced him to serve 5 days’ imprisonment on each case, with the time to be served on work release. The appellant was charged with the crime of escape in the third degree when he failed to return to the Florence detention office after leaving work release.
The appellant argues that the trial court erred in failing to give his requested jury instruction on “willful failure” to return to the place of his confinement, as per § 14-8-42, Code of Alabama 1975, as a lesser included offense of escape in the third degree.
Initially, we note that the State’s argument that the issue was not preserved for appellate review is without merit. The record indicates that the trial judge was aware of the appellant’s objection and of the reasons for that objection.
Section 14-8-42, Code of Alabama 1975, provides:
“The willful failure of an inmate to remain within the extended limits of his confinement or to return to the place of confinement within the time prescribed shall be deemed an escape from a state penal institution in the case of a state inmate and an escape from the custody of the sheriff in the case of a county inmate and shall be punishable accordingly.”
In Webb v. State, 539 So.2d 343, 346 (Ala.Cr.App.1987), this court stated:
“The Alabama legislature has classified ‘county inmates’ and ‘state inmates’ for purposes of work release as follows:
“ ‘(1) COUNTY INMATE: A person convicted of a crime and sentenced to a *403 term of confinement of one year’s duration or less.
“ ‘STATE INMATE: A person convicted of a crime and sentenced to a term of confinement of more than one year’s duration.’
“Ala.Code (1975), § 14-8-30. Compare Ala.Code §§ 13A-l-2(3) (offense punishable by less than one year’s imprisonment is a misdemeanor) and 13A-l-2(4) (offense punished by more than one year’s imprisonment is a felony).”
Therefore, because the appellant had been convicted of a misdemeanor, and was in the custody of the Sheriff of Lauderdale County, he could be found guilty only of a misdemeanor under § 14-8-42, Code of Alabama 1975. Webb v. State, supra, at 345. See also Alexander v. State, 475 So.2d 625 (Ala.Cr.App.1984), reversed on other grounds, 475 So.2d 628 (Ala.1985).
Therefore, the trial court committed reversible error in instructing the jury on escape in the third degree, and the appellant’s request for instructions on the offense of willful failure to return should have been granted. The judgment is reversed and the cause remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.