The appellant, Marvin Lee Shoulders, appeals from the trial court's denial of his petition for post-conviction relief filed pursuant to Rule 32, Ala.R.Crim.P., in which he attacked his March 1994 guilty plea conviction for escape in the first degree and the resulting sentence of 10 years' imprisonment. The appellant did not file a direct appeal from the escape conviction.
The record reflects that the appellant was originally convicted of criminal possession of a forged instrument in 1991 and was sentenced to 10 years' imprisonment. The appellant was apparently ordered to serve a portion of that 10-year sentence in the county jail, on a work release program. On November 25, 1993, while in county custody, the appellant was given a 10-hour pass. The appellant did not return to the jail on time. The next morning the appellant contacted the sheriffs department and told them where he was. The appellant was returned to the jail, and subsequently charged with the offense of escape in the first degree, to which he pleaded guilty.
The thrust of the appellant's allegations, both in his Rule 32 petition and on appeal from the denial of that petition, is that he was improperly indicted for, and convicted of, escape in the first degree. He maintains that he was guilty only of the misdemeanor offense of willful failure to return to his place of confinement within the time prescribed, see §§ 14-8-42 and 43, Code of Alabama 1975, rather than the felony offense of first-degree escape.
Section 13A-10-31, Code of Alabama 1975, which defines the offense of first degree escape, reads:
 "(a) A person commits the crime of escape in the first degree if:
 "(1) He employs physical force, a threat of physical force, a deadly weapon or a dangerous instrument in escaping or attempting to escape from custody; or
 "(2) Having been convicted of a felony, he escapes or attempts to escape from custody imposed pursuant to that conviction.
 "(b) Escape in the first degree is a Class B felony."
(Emphasis added.)
Section 14-8-42, Code of Alabama 1975, provides:
 "The willful failure of an inmate to remain within the extended limits of his confinement or to return to the place of confinement within the time prescribed shall be deemed an escape from a state penal institution in the case of a state inmate and an escape from the custody of the sheriff in the case of a county inmate and shall be punishable accordingly."
(Emphasis added.) Section 14-8-43, Code of Alabama 1975, provides: "Anyone violating any of the provisions of this article shall be guilty of a misdemeanor." (Emphasis added.)
 "This court has consistently held that a 'county inmate or a state inmate in county custody who fails to return from work release is guilty of only a misdemeanor.' Webb v. State, 539 So.2d 343, 345
(Ala.Crim.App. 1987) . . . See also Moncrief v. State, 551 So.2d 1175 (Ala.Crim.App. 1989); Alexander v. State, 475 So.2d 625
(Ala.Crim.App. 1984), rev'd on other grounds."
Cork v. State, 603 So.2d 1127, 1128 (Ala.Crim.App. 1992). (Some emphasis added; some emphasis in original.)
The record reflects that the appellant filed his Rule 32 petition in the Limestone Circuit Court on October 25, 1995. In the petition, the appellant argued that he was guilty only of the misdemeanor offense of escape as a state inmate in county custody who failed to return from work release, rather than first-degree felony escape. Thus, he maintained that his guilty plea to escape in the first degree was not voluntary because it was not entered with a full understanding of the nature of the charge.[1] *Page 1017 
On November 13, 1995, the state moved to dismiss the Rule 32 petition. The state argued that the appellant was precluded from challenging the voluntariness of his guilty plea because any issue concerning the voluntariness of the plea should have been raised on direct appeal from the guilty plea. Rule 32.2(a)(5), Ala.R.Crim.P. In addition, the state argued that the appellant's allegation had no merit because the appellant executed an explanation of rights and plea of guilty form that, the state argued, thoroughly apprised the appellant of his rights. Last, the state maintained that the appellant failed to allege sufficient facts to support his contention that his plea was involuntary.
On November 15, 1995, the trial court appointed counsel to represent the appellant in the Rule 32 proceedings.
On December 19, 1995, the appellant filed a pro se response to the state's motion to dismiss. In his response, the appellant argued that the trial court did not have jurisdiction to render a judgment or to impose sentence because, he argued, he should have been charged with, and convicted of, a misdemeanor instead of a felony. The appellant also argued that his trial counsel was ineffective because, he said, counsel did not move to dismiss the indictment charging him with felony escape. The appellant maintained that he was ignorant of the law when he entered his guilty plea to escape in the first degree. In addition, the appellant argued that he had failed to appeal his escape conviction through no fault of his own.
On September 27, 1996, the trial court held an evidentiary hearing on the appellant's Rule 32 petition. The appellant was represented by appointed counsel at the hearing. The appellant testified that he had originally been convicted of possession of a forged instrument in 1991, and that at the time of his escape, he was serving a portion of his sentence for that conviction in the county jail. He also testified that he had been in a work release program while at the county jail. The appellant's counsel reasserted the appellant's contention that the trial court lacked jurisdiction to render a judgment or to impose the sentence because, counsel argued, the appellant should have been indicted and convicted for a misdemeanor, rather than a felony.
The state maintained that the appellant was, in essence, challenging the voluntariness of his guilty plea, and that his challenge was precluded from review. The state also argued that the appellant was a state inmate, in state custody, notwithstanding the fact that he was being housed in a county facility; therefore, the state argued the appellant was properly charged and convicted of first-degree escape.
Toward the end of the hearing, the appellant told the court:
 "My lawyer who was appointed on this case . . . he knew that they couldn't charge me with no first degree, but he didn't do nothing about it, and any time that a state inmate is housed in county custody, it ain't nothing but a misdemeanor. It's not no first degree because it wasn't by no force or nothing. Plus, we was given a pass, Thanksgiving of '93, the [trusties] and some of the — some of the people on work release."
(R. 11-12)
On October 18, 1996, the trial court denied the appellant's Rule 32 petition in the following written order:
 "The above-styled matter came before the Court on a petition for relief from conviction pursuant to Alabama Rules of Criminal Procedure, Rule 32, and the Petitioner being in court and being represented by the Hon. Jonanna Owings, and the State of Alabama being represented in court by the Hon. Kristi Valls. The Court, after a review of all testimony taken and a review of all the facts in the petition and the response thereto, finds as follows: It is ORDERED, ADJUDGED and DECREED by the Court that the Petitioner filed and signed an explanation of rights and plea of guilty form and, in fact, entered a plea of guilty to escape, 1st, on *Page 1018 
March 14, 1994, which was classified as a Class B felony and provided punishment of not less than two years and not more than twenty years and further the Petitioner was represented in said proceeding by the Hon. James Moffat. The Court, after consideration of all matters at hand, denies the relief prayed for by the Petitioner through this Rule 32 petition."
(C.R.1A.)
On appeal, the appellant's argument that the trial court improperly denied his Rule 32 petition is twofold.
First, the appellant argues that the trial court lacked jurisdiction to render a judgment or to impose the sentence because, he says, he was guilty only of the misdemeanor offense of escape as a state inmate in county custody who failed to return from work release, rather than the felony offense of first-degree escape. The appellant's argument is not really an argument regarding the trial court's jurisdiction; rather, the appellant's contention that the facts do not establish that he was guilty of first-degree escape is simply a challenge to the sufficiency of the evidence. See Dukes v. State, 587 So.2d 1065, 1067
(Ala.Cr.App. 1991); Pritchett v. State, 686 So.2d 1300
(Ala.Cr.App. 1996). Any issue challenging the sufficiency of evidence is precluded from review because it could have been, but was not, raised at trial and on appeal. Rule 32.2(a)(3) and (5), Ala.R.Crim.P.
Second, the appellant argues that his trial counsel was ineffective in failing to file a motion to quash the indictment charging him with first-degree escape, and in advising him to plead guilty to a felony, even though, he argues, his conduct constituted only a misdemeanor. The appellant maintains that as a result of his counsel's deficient performance, he received a much longer sentence than he would have had he pleaded guilty to a misdemeanor. The state argues that the appellant presented no evidence at the evidentiary hearing regarding his allegation that his counsel had been ineffective and that, therefore, he failed to meet his burden of proof in this regard.
Rule 32.9(d), A.R.Crim.P., requires that if an evidentiary hearing is conducted on the Rule 32 petition, "[t]he court shall make specific findings of fact relating to each material issue of fact presented." This Court has also said: "In addition [to the specific findings of fact], the basis of the trial court's ruling, whether procedural or on the merits, must be clear. Henderson v. State, 570 So.2d 879
(Ala.Cr.App. 1990)." Jones v. State, [CR-95-0045, July 3, 1996] ___ So.2d ___, ___ (Ala.Cr.App. 1996). "A statement of the basis of the trial court's decision is essential to afford the appellant due process." Owens v. State, 666 So.2d 31, 32
(Ala.Crim.App. 1994). The trial court's order does not address the appellant's allegations of ineffective assistance of counsel; therefore, this Court is unable to determine the basis for the trial court's denial of the appellant's allegation that his trial counsel was ineffective.
Accordingly, we must remand this cause for the trial court to state the grounds, whether procedural or based on the merits, for its failure to consider the appellant's allegation of ineffective assistance of counsel. If the denial was based on the merits of the appellant's allegation, the trial court should make specific findings relating to each material issue of fact presented on the appellant's allegation of ineffective assistance of counsel. Rule 32.9, Ala.R.Crim.P.
On remand, the trial court may conduct such further proceedings or take such other evidence as it deems necessary. See Rule 32.9, Ala.R.Crim.P. If any additional hearing is held, the return to remand shall include a transcript of the remand proceedings, and the trial court's specific written "findings of fact relating to each material issue of fact presented" at that hearing. Rule 32.9(d), Ala.R.Crim.P. The trial court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 60 days of the release of this opinion. *Page 1019 
REMANDED WITH INSTRUCTIONS.*
All the Judges concur.
[1] The appellant also intimates that his sentence for the escape conviction exceeds that authorized by law. The gist of his argument is that, because his sentence for escape is to run concurrently with the sentence imposed for his conviction for possession of a forged instrument, his escape sentence should be credited with the time served on his possession of a forged instrument sentence. The appellant does not pursue this argument on appeal; therefore, we will not address it.
* Note from the reporter of decisions: On August 22, 1997, on return to remand, the Court of Criminal Appeals affirmed, without opinion.