Rel: 12/12/14

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0649), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

OCTOBER TERM, 2014-2015

————————————

1131279

————————————

Ex parte Shannon Ray Johnson

PETITION FOR WRIT OF CERTIORARI
TO THE COURT OF CRIMINAL APPEALS

(In re: Shannon Ray Johnson

v.

State of Alabama)

(Lauderdale Circuit Court, CC-11-485;
Court of Criminal Appeals, CR-12-2086)

BRYAN, Justice.

WRIT DENIED.  NO OPINION.

Stuart, Bolin, Shaw, Main, and Wise, JJ., concur.

1131279

Moore, C.J., and Parker and Murdock, JJ., dissent.

1131279

MOORE, Chief Justice (dissenting).

I respectfully dissent from the Court's decision to deny petitioner Shannon Ray Johnson's request for a writ of certiorari directed to the Alabama Court of Criminal Appeals.

<u>Facts and Procedural History</u>

In March 2011, Johnson pleaded guilty to resisting arrest, a violation of § 13A-10-33, Ala. Code 1975, in the district court of Lauderdale County. The Court of Criminal Appeals' unpublished memorandum, <u>Johnson v. State</u> (No. CR-12-2086, April 25, 2014), ___ So. 3d ___ (Ala. Crim. App. 2014)(table), provides the following facts:

>    "The district court judge sentenced Johnson to six months in the Lauderdale County Work Release Center ('LCWRC'). The LCWRC is operated by the Lauderdale County Community Corrections Authority. Johnson reported to the LCWRC that evening and was given a classification that prevented him from leaving the LCWRC for any reason. Johnson was informed that night of his classification. The next day Johnson was again told that he could not leave the LCWRC.
>
>    "At 7:00 p.m. on March 31, 2011, an Alcoholics Anonymous meeting was held in a common area of the LCWRC. A corrections officer announced that the meeting was beginning, and Johnson went to the common area along with other inmates. Shortly after the meeting began, Johnson walked out of the common area and off the LCWRC grounds. A corrections officer reported the escape to law enforcement, and the next day, April 1, 2011, Daryl Williams,

3

1131279

supervisor of the LCWRC, obtained a warrant for Johnson's arrest.

"Later that day, Robbie Howard of the Florence Police Department saw Johnson near a Johnson family business. Johnson got into a vehicle and drove away. Howard followed Johnson before stopping and arresting him without incident."

Johnson was convicted in the Lauderdale Circuit Court of third-degree escape under § 13A-10-33, Ala. Code 1975. The State offered four of Johnson's prior felony convictions in support of its request to have Johnson sentenced under the Habitual Felony Offender Act, § 13A-5-9, Ala. Code 1975 ("the HFOA"). Two of the four convictions were felony convictions from Georgia.

Johnson objected to the admission of the Georgia convictions on the ground that they were not properly authenticated, that the State failed to lay the proper foundation for admitting them, and that the State failed to provide advance notice of its intent to use the Georgia convictions. The circuit court admitted the Georgia convictions over Johnson's objection and sentenced Johnson as a habitual offender to life imprisonment under the HFOA.

Johnson appealed to the Court of Criminal Appeals, which affirmed his conviction and sentence in an unpublished

4

memorandum. That court overruled Johnson's application for rehearing. Johnson then filed this petition for certiorari review.

## Subject-Matter Jurisdiction of the Circuit Court

Before the Court of Criminal Appeals, Johnson argued that the evidence of his Georgia convictions was inadmissible because the State failed to prove that the conduct underlying his Georgia convictions would have constituted felonies in Alabama. The Court of Criminal Appeals held that Johnson failed to preserve the issue of the admissibility of his Georgia convictions because he made only a general objection at trial.

In his certiorari petition before this Court, Johnson argues that the Court of Criminal Appeals' holding conflicts with appellate decisions holding that a general objection is sufficient to preserve for appeal a challenge to patently illegal evidence. See, e.g., Satterwhite v. State, 364 So. 2d 359, 360 (Ala. 1978) ("[A] general objection to admission of evidence should be sustained if the evidence is illegal for any purpose and cannot be made legal by introducing other evidence or by otherwise framing the inquiry."). Whether

1131279

Johnson's alleged conflict ground has any merit, I believe that we should have granted certiorari review to determine whether the circuit court had subject-matter jurisdiction to consider Johnson's Georgia convictions.

Rule 26.6(b)(3)(iv), Ala. R. Crim. P., provides, in relevant part:

> "Any conviction in any jurisdiction, including Alabama, shall be considered and determined to be a felony conviction if the conduct made the basis of that conviction constitutes a felony under Act 607, § 130(4), Acts of Alabama 1977, p. 812 (§ 13A-1-2(4), Alabama Criminal Code), or would have constituted a felony under that section had the conduct taken place in Alabama on or after January 1, 1980 ...."

Under the plain language of Rule 26.6(b)(3)(iv), not every prior conviction may be used to enhance the sentence of a criminal defendant as a habitual felon. Only those convictions that satisfy the criteria set forth in the rule may properly be considered. Therefore, the question whether a prior out-of-state conviction qualifies to enhance a sentence goes to the jurisdiction of the sentencing court. As the Court of Criminal Appeals has stated:

> "A challenge to the use of a prior conviction from another jurisdiction to enhance a sentence under the HFOA on the grounds that the prior conviction arose from conduct that was not a felony in Alabama is a

6

jurisdictional issue challenging the legality of the sentence."

Skinner v. State, 987 So. 2d 1172, 1175 (Ala. Crim. App. 2006) (holding that a challenge similar to the one at issue was jurisdictional and therefore not subject to the bar against successive petitions in Rule 32, Ala. R. Crim. P.).

"'Subject-matter jurisdiction cannot be waived, and the lack of subject-matter jurisdiction may be raised at any time by a party or by a court ex mero motu.'" Ex parte Siderius, 144 So. 3d 319, 323 (Ala. 2013) (quoting Ex parte Punturo, 928 So. 2d 1030, 1033 (Ala. 2002)). Therefore, Johnson's first ground supporting his petition for a writ of certiorari has a probability of merit.

Applicability of Misdemeanor-Escape Statute

Additionally, I believe that Johnson states a cognizable conflict with Terrell v. State, 621 So. 2d 402 (Ala. Crim. App. 1993). Johnson was convicted of third-degree escape under § 13A-10-33, Ala. Code 1975, which classifies that escape as a felony and supports Johnson's life sentence. Section 13A-10-33 prohibits "escap[ing] or attempt[ing] to escape from custody." (Emphasis added.) Section 14-8-42, Ala. Code 1975, is a misdemeanor-escape statute that provides:

7

"The willful <u>failure of an inmate to remain within the extended limits of his confinement</u> or to return to the place of confinement within the time prescribed shall be deemed an escape from a state penal institution in the case of a state inmate and an escape from the custody of the sheriff in the case of a county inmate and shall be punishable accordingly."

(Emphasis added.)

The Court of Criminal Appeals held in its unpublished memorandum that the misdemeanor-escape statute does not apply "[i]n circumstances where an inmate of any type escapes from the detention center itself." In support of its holding, the court relied upon <u>Nichols v. State</u>, 518 So. 2d 851 (Ala. Crim. App. 1987), which in turn cited <u>Hall v. State</u>, 386 So. 2d 765 (Ala. Crim. App. 1980).

However, the inmate in <u>Hall</u> was being transported by two correctional counselors when he broke free and escaped. The court held that, "[u]nder the particular facts of this case," the inmate escaped from "actual custody" under the felony-escape statute and did not fail "to remain within the extended limits of his confinement" under a former misdemeanor-escape statute. 386 So. 2d at 766. Johnson, however, did not break free from the custody of officials, but failed to remain at the work-release center. I believe that the conclusion by the

8

Court of Criminal Appeals that departing a work-release center without authorization does not constitute misdemeanor escape finds no support in the language of § 14-8-42, which prohibits "[t]he willful failure of an inmate to remain within the extended limits of his confinement."

Johnson alleged that the Court of Criminal Appeals' holding conflicts with its decision in Terrell v. State, 621 So. 2d 402 (Ala. Crim. App. 1993), in which the court held that a county inmate who escaped while serving time for a misdemeanor could be found guilty of only misdemeanor escape, and not felony third-degree escape. Like Terrell, Johnson "was a county inmate serving time for a misdemeanor." Petition, at 10. Therefore, I believe that Johnson's second ground for certiorari review has a probability of merit.

<u>Conclusion</u>

For the above-stated reasons, I would grant Johnson's petition for a writ of certiorari to consider his challenge to the use of his Georgia convictions to enhance his sentence and the adverse construction of the misdemeanor-escape statute, § 14-8-42, Ala. Code 1975.