No. 86–5542. WOODS *v.* FLORIDA. Sup. Ct. Fla. Certiorari denied.

JUSTICE MARSHALL, with whom JUSTICE BRENNAN joins, dissenting.

Adhering to my view that the death penalty is under all circumstances cruel and unusual punishment forbidden by the Eighth

and Fourteenth Amendments, I would vacate the judgment of the Florida Supreme Court insofar as it left undisturbed the death sentence imposed in this case. *Gregg* v. *Georgia,* 428 U. S. 153, 231 (1976) (MARSHALL, J., dissenting). Even if I believed, however, that the death penalty could constitutionally be imposed under certain circumstances, petitioner's youth and mental condition preclude imposition of a sentence of death under the requirements of the Eighth Amendment.

Petitioner Ronald Woods was convicted of first-degree murder and sentenced to death in connection with the stabbing of a guard at the Union Correctional Institution, at which Woods was an inmate. The Florida Supreme Court affirmed petitioner's conviction and death sentence. 490 So. 2d 24 (1986). Woods was 18 years old at the time of his trial. *Id.,* at 28, n. 7. The evidence submitted to the trial court in mitigation of sentence showed that petitioner had suffered seizures in childhood, and had sustained brain damage. Pet. for Cert. 20. Petitioner's IQ is reported to be below 73, within the borderline range of mental retardation. *Ibid.*

I believe that the imposition of capital punishment for crimes committed by juveniles is unconstitutionally cruel punishment forbidden by the Eighth Amendment. "Although '[c]rimes committed by youths may be just as harmful to victims as those committed by older persons, . . . they deserve less punishment because adolescents may have less capacity to control their conduct and to think in long-range terms than adults.'" *Roach* v. *Aiken,* 474 U. S. 1039 (1986) (BRENNAN, J., dissenting) (quoting Twentieth Century Fund Task Force on Sentencing Policy Toward Young Offenders, Confronting Youth Crime 7 (1978)); see also *Eddings* v. *Oklahoma,* 455 U. S. 104, 115–116 (1982). These considerations are particularly compelling where, as here, the offender's mental capacities are organically impaired. While the trial court treated petitioner's youth as a mitigating circumstance, it did not consider whether petitioner's mental retardation, or the combination of his youth and mental incapacity, presented a circumstance that might foreclose application of the death penalty.

The execution of a mentally retarded child in retribution for a crime committed at or before the age of 18 cannot, in my judgment, be reconciled with the requirements of the Eighth Amendment, or with our fundamental commitment to the preservation of human rights. I would grant the petition for certiorari.

956

JUSTICE BLACKMUN, with whom JUSTICE BRENNAN joins, dissenting.

In view of the presence in the courtroom throughout the trial of a substantial number of uniformed guards (up to as many as 45) and the trial court's denial of petitioner's request to clear the courtroom of uniformed spectators, and the failure of the Supreme Court of Florida in its opinion, see 490 So. 2d 24, 26–27 (1986), even to cite this Court's then recent decision in *Holbrook* v. *Flynn*, 475 U. S. 560 (1986), I would grant the petition for certiorari, vacate the judgment below, and remand the case to the Supreme Court of Florida for reconsideration in light of *Holbrook*.