668 So.2d 102 (1995)
Gregory Allan BROWN
v.
STATE.
CR-91-0215.
Court of Criminal Appeals of Alabama.
March 3, 1995.
Rehearing Denied May 5, 1995.
Louis Wilkinson, Birmingham, for appellant.
James H. Evans, Atty. Gen., and Beth Poe, Asst. Atty. Gen., for appellee.

ON REMAND FROM THE UNITED STATES SUPREME COURT
COBB, Judge.
This case was originally assigned to another judge on the Court of Criminal Appeals.
*103 It was reassigned to Judge Cobb on January 17, 1995.
On August 13, 1993, this court reversed this appellant's conviction and held that "regardless whether the appellant's request to speak to his friend, who is an attorney, is considered a clear request or is considered an equivocal request, the investigators' failure to respond to or to clarify that request nonetheless violated the appellant's Fifth Amendment rights." See Brown v. State, 630 So.2d 481, 484-85 (Ala.Crim.App.1993). The Alabama Supreme Court denied certiorari review on December 17, 1993. On October 3, 1994, the United States Supreme Court remanded this cause to this court for further consideration in light of Davis v. United States, 512 U.S.___, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994). The facts of this case were recited in our original opinion in Brown.

I
In Davis, 512 U.S. at ___, 114 S.Ct. at 2355, 129 L.Ed.2d at 371 the United States Supreme Court stated:
"The applicability of the `"rigid" prophylactic rule' of Edwards [v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981)] requires courts to `determine whether the accused actually invoked his right to counsel.' Smith v. Illinois, 469 U.S. [91], at 95, 105 S.Ct. [490], at 492 [83 L.Ed.2d 488 (1984)] (emphasis added [in Davis]), quoting Fare v. Michael C., 442 U.S. 707, 719, 99 S.Ct. 2560, 2569, 61 L.Ed.2d 197 (1979). To avoid difficulties of proof and to provide guidance to officers conducting interrogations, this is an objective inquiry. See Connecticut v. Barrett, 479 U.S. [523] at 529, 107 S.Ct. [828] at 832 [93 L.Ed.2d 920 (1987)] Invocation of the Miranda right to counsel `requires, at a minimum, some statement that can reasonably be construed to be an expression of a desire for the assistance of an attorney.' McNeil v. Wisconsin, 501 U.S. [171] at 178, 111 S.Ct. [2204], at 2209 [115 L.Ed.2d 158 (1991)]. But if a suspect makes a reference to an attorney that is ambiguous or equivocal in that a reasonable officer in light of circumstances would have understood only that the suspect might be invoking the right to counsel, our precedents do not require the cessation of questioning. See ibid. (the likelihood that a suspect would wish counsel to be present is not the test for applicability of Edwards;); Edwards v. Arizona, supra, 451 U.S. [477], at 485, 101 S.Ct. [1880], at 1885 [68 L.Ed.2d 378 (1981)] (impermissible for authorities `to reinterrogate an accused in custody if he has clearly asserted his right to counsel') (emphasis added in Davis.)
"Rather, the suspect must unambiguously request counsel. As we have observed, `a statement either is such an assertion of the right to counsel or it is not.' Smith v. Illinois, 469 U.S. at 97-98, 105 S.Ct., at 494 (brackets and internal quotation marks omitted). Although a suspect need not `speak with the discrimination of an Oxford don,' post [512 U.S. at ___, 114 S.Ct.], at 2364 (SOUTER, J., concurring in judgment), he must articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney. If the statement fails to meet the requisite level of clarity, Edwards does not require that the officers stop questioning the suspect. See Moran v. Burbine, 475 U.S. 412, 433, n. 4, 106 S.Ct. 1135, 1147, n. 4, 89 L.Ed.2d 410 (1986) (`the interrogation must cease until an attorney is present only [i]f the individual states that he wants an attorney') (citations and internal quotation marks omitted)."
In this case, the appellant asked the officers "Is it going to piss y'all off if I ask for myto talk to a friend that is an attorney? I mean, I'm going to do whatever I have got to do. Don't get me wrong." This is certainly not an unambiguous request for counsel as required by Davis. Therefore, the appellant's assertion that his statements to the police should have been suppressed because, he says, they were obtained in violation of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), is without merit.

*104 II
The appellant contends the trial court erred by admitting his statement into evidence because, he says, his statement was obtained after "promises of beneficial treatment" were made to him by the police. The following portion of the record is relevant to a determination of this issue:
"Now, what you tell us and [whether] you help yourself is up to you, Greg, not us. If you didn't pull the trigger, you need to tell us. You need to tell us who did and we need to hear the whole story and be done with it and get this thing over with and clear it up, Greg, because it is putting heat on everybody and you are going to get some heat on you, but the degree of heat you're going to get is up to Greg. It's not up to usit's up to Greg. Okay? That's as straightforward as I can be, Bud. I can't be any more forward. That is what I feel like happened.
". . . .
"We have got to havewe have got to have you help yourself here, Buddy. Not us, you help yourself. And if you are honest with us and you come through this stufflet's talk about it.
"Okay. I know it's hard for you. I'm not going to say it is an easy task for you to do this, but what I'm telling you is the quicker we get this done, the better it is going to be for you. Okay?"
(R. 29-31.)
In Gentry v. State, [Ms. 92-0409, September 30, 1994] ___ So.2d ___ (Ala.Crim.App. 1994), this court stated:
"Extrajudicial confessions are prima facie involuntary and inadmissible as evidence; the burden is on the state to show voluntariness and a Miranda predicate in order for such confessions to be admitted into evidence. Lewis v. State, 535 So.2d 228 (Ala.1988). In order for a confession to be admitted into evidence it cannot be the result of any direct or implied promise, however slight. Goodson v. State, 540 So.2d 789 (Ala.Cr.App.), cert. denied, 540 So.2d 789 (Ala.1989). Whether there was a voluntary and knowing waiver of Miranda rights must be decided from the particular facts and circumstances of each case, including the background, experience, and conduct of the accusedthe totality of the circumstances. Lewis v. State; Magwood v. State, 494 So.2d 124 (Ala.Cr.App. 1985), aff'd, 494 So.2d 154 (Ala.), cert. denied, 479 U.S. 955 [995, 107 S.Ct. 599, 93 L.Ed.2d 599] (1986).
"`The true test of voluntariness of extra-judicial confessions is whether, under all surrounding circumstances, they have been induced by a threat or a promise, express or implied, operating to produce in the mind of the prisoner apprehension of harm or hope of favor; such confessions must be excluded from the consideration of the jury as having been procured by undue influence.'
"Ex parte Weeks, 531 So.2d 643, 644 (Ala.1988), quoting Womack v. State, 281 Ala. 499, 205 So.2d 579 (1967). The question of whether a confession is voluntary is initially to be determined by the trial court, and thereafter the voluntariness as affecting the credibility and weight to be given any statement that an accused has made is a determination for the jury. Lewis v. State; Ex parte Singleton, 465 So.2d 443 (Ala.1985). The trial court need only be convinced from a preponderance of the evidence to find a confession to have been voluntarily made. Ex parte McCary, 528 So.2d 1133 (Ala.1988); Ex parte Singleton."
___ So.2d at ___.
The totality of the circumstances surrounding the appellant's statement convinces this court that the officers never offered any promises or hopes of reward to the appellant. They were simply making it clear to the appellant that it was not their job to establish that he was not the triggerman and that the appellant needed to tell them if he was not the triggerman. Thus, the appellant's statement was not unlawfully induced by some promise or hope of reward. The trial court's decision was not "manifestly contrary to the great weight of the evidence." Williams v. State, 456 So.2d 852, 855 (Ala. Crim.App.1984).
*105 The judgment is affirmed.
AFFIRMED.
All the Judges concur except TAYLOR, P.J., who dissents with opinion.
TAYLOR, Presiding Judge, dissenting.
I respectfully dissent from the majority's holding that the appellant's statement to police was not an unambiguous request for counsel. The appellant's question during police interrogation, "Is it going to piss y'all off if I ask for myto talk to a friend that is an attorney? I mean, I'm going to do whatever I have got to do. Don't get me wrong," was sufficient to convey to the police officers interrogating him that he wanted to talk to a lawyer.
This question was an "unequivocal" request for counsel. See Davis v. United States, 512 U.S.___, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994). As the United States Supreme Court stated in Davis:
"The suspect must unambiguously request counsel. As we have observed, `a statement either is such an assertion of the right to counsel or it is not.' Smith v. Illinois, 469 U.S., [91] at 97-98, 105 S.Ct., [490] at 494 [83 L.Ed.2d 488 (1984)].... Although a suspect need not `speak with the discrimination of an Oxford don,' ... he must articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney."
512 U.S. at ___, 114 S.Ct. at 2355, 129 L.Ed.2d at 371.
The statement in the present case can only be construed as a request for counsel. The phrase, "Is it going to piss y'all off if ..." suggests that the interrogatee did not want to arouse the anger of the interrogators. The phrase, "I mean, I'm going to do whatever I have got to do," indicates that the interrogatee thought he would have to make a statement and was not refusing to "do whatever [he has] got to do." The phrase, "Don't get me wrong," again is a request to the interrogators not to interpret any of the interrogatee's actions as hostile or uncooperative. Once these fear-based qualifying statements from the interrogatee are dealt with, what he is saying is that he wanted "to talk to a friend that is an attorney." This is a real-life interrogation and a real-life request for an attorney by an intimidated suspect who is in close confinement and is surrounded by law enforcement officers.
Because the authorities disregarded the appellant's unequivocal request for counsel and continued the questioning, the appellant's statement should have been suppressed. Receipt of the statement into evidence violated his constitutional right to counsel.