MADDOX, Justice
(dissenting).
I would grant the writ to review the petitioner’s claim that his capital murder conviction should be overturned on the basis that the interrogating officers refused to cease questioning him after he requested counsel.
The Court of Criminal Appeals reversed Gregory Allan Brown’s conviction, stating that the interrogation should have ceased when Brown made what it considered to be his “request” for counsel. Brown v. State, 630 So.2d 481 (Ala.Cr.App.1993). This Court denied the State’s petition for the writ of certiorari, in which the State asked this Court to reverse the judgment of the Court of Criminal Appeals. The State appealed to the Supreme Court of the United States, and that Court remanded the ease to the Court of Criminal Appeals for a reconsideration in light of the Supreme Court’s ruling in Davis v. United States, — U.S. -, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994). Upon remand, the Court of Criminal Appeals, with Judge Taylor dissenting, determined that Brown’s request for counsel was “certainly not an unambiguous request for counsel as required by Davis.” 668 So.2d 102, 103 (Ala.Crim.App.1995).[1]
I would at least grant the writ to review the petitioner’s claim that his request for counsel was “at a minimum, [a] statement that [could] reasonably [have been] construed to be an expression of a desire for the assistance of an attorney.” Davis, — U.S. at -, 114 S.Ct. at 2355, 129 L.Ed.2d at 371. It appears to me that in Davis the interrogating officers asked the defendant if he was requesting an attorney, after he had made an ambiguous statement about possibly wanting to have counsel present, and that the defendant responded by saying that he was not requesting counsel. On this point, the Court stated:
“Of course, when a suspect makes an ambiguous or equivocal statement it will often be good police practice for the interviewing officers to clarify whether or not [the suspect] actually wants an attorney. That was the procedure followed by the [Naval Investigation Service] agents in this case. Clarifying questions help protect the rights of the suspect by ensuring that he gets an attorney if he wants one, and will minimize the chance of a confession being suppressed due to subsequent judicial second-guessing as to the meaning of the suspect’s statements regarding counsel. But we decline to adopt a rule requiring officers to ask clarifying questions. If the suspect’s statement is not an unambiguous or unequivocal request for counsel, the officers have no obligation to stop questioning him.”
Davis, — U.S. at-, 114 S.Ct. at 2356, 129 L.Ed.2d at 373. In view of this statement by the Supreme Court of the United States in Davis, I do not believe that that Court, by remanding this case for consideration in light of what it had said in Davis, determined that the Brown’s request was “ambiguous” or “equivocal.”
It appears to me that the facts of this case could be distinguished from those of the Davis case. The record shows that the interrogating officers made no attempt to clarify whether Brown was asking for counsel. After Brown made the statement quoted in footnote one, the interrogators responded:
“Officer: Well, I understand that. I understand what you are saying.
“Defendant: You have got to realize, man,
that I’m f_scared to death.
“Officer: Well, and rightfully so. I don’t blame you one bit because there is a serious problem here, but if you didn’t pull the trigger, then we need to know exactly what happened, okay?”
It seems from this colloquy that the interrogating officers were aware that the statement by the defendant could “reasonably [have been] construed to be an expression of a desire for the assistance of an attorney.” Davis. In fact, the substance of the colloquy could be construed as showing that the interrogators were suggesting to the petitioner that if he was not guilty, then there would be no need for counsel.
Was Brown’s “reference to an attorney ... ambiguous or equivocal in that a reasonable *107 officer in light of the circumstances” would have understood only that Brown might be invoking his right to counsel? Davis, — U.S. at-, 114 S.Ct. at 2355, 129 L.Ed.2d at 371. Based on all the circumstances in this case, I would grant the petition and review Brown’s claim; that claim presents an important constitutional question. Also, Brown’s petition argues that his confession was not voluntarily given; I think this Court should also review that claim.
I make one further observation about the Davis case. Although all the Justices of the Supreme Court concurred in the result of the opinion in the Davis case, four Justices concurred only because the interrogators had stopped questioning after the defendant made his ambiguous request, in order to determine if the defendant was, in fact, requesting counsel. The interrogators did this clearly and resumed their questioning only after the defendant told them that he was not requesting counsel at that time. These four Justices (Justices Stevens, Blackmun, Souter, and Ginsberg) concurred for this reason and stated that they felt that a rule should be adopted requiring officers to inquire whether the defendant was asking for counsel. Justice Scalia also filed a concurring opinion, but stated that he had reservations about the Court’s analysis of the legal issue.
Based on the foregoing, I am not convinced that Davis required the Court of Criminal Appeals on the remand to reach a result different from the result of its initial review.

. During his interrogation, Brown asked if it would make the officers angry "if I ask for my— to talk to a friend that is an attorney? I mean, I’m going to do whatever I have got to do. Don't get me wrong.”