The appellant, Doyce Dale Berry, was convicted of the crime of manslaughter. He was sentenced to a 15-year sentence; his sentence was split, and he was ordered to serve four years' imprisonment. In this direct appeal, he raises four issues for our review.
 I.
First, the appellant contends that the trial court erred in refusing to give a requested jury instruction regarding criminally negligent homicide. However, the appellant's defense does not support a jury instruction on criminally negligent homicide.
The evidence revealed that, on the evening of the homicide, the appellant and the victim, who was his wife, were embroiled in an argument which began over the loss of some car keys. The couple had been drinking alcohol. The appellant placed a rifle on the dining table in response to the victim's statement that she wanted to die. (R. 470.) He then stated, "There is the gun." (R. 470.) The victim and the appellant argued some more, and the appellant claims that at some point he picked up the rifle, his right thumb hit the trigger, and the gun fired, killing the victim. (R. 470-71.) The rifle was pointed in the direction of the victim when it discharged.
Criminally negligent homicide occurs when the accused fails to perceive a substantial or unjustifiable risk when acting in a manner that results in the death of another person; the conduct forming the basis of criminally negligent homicide is necessarily unintentional. See, § 13A-6-4, Ala. Code, 1975;Woods v. State, 485 So.2d 1243 (Ala.Crim.App. 1986). As this court stated recently in Marshall v. State, 668 So.2d 891
(Ala.Crim.App. 1995), the accused's action of drawing a gun eradicates the possibility that a subsequent shooting of that gun was unintentional and that the resulting death was criminally negligent homicide. See also, Robinson v. State,441 So.2d 1045, 1047 (Ala.Crim.App. 1983) (a person who intentionally draws a gun in response to a confrontation with another is aware that the gun might discharge and thus cannot be guilty of mere negligence).
The appellant admitted that he retrieved the rifle from where it was stored and placed it in front of the victim in response to her statement that she wanted to die; this action indicates that he clearly understood the dangerous potential of the rifle. (R. 470.) He cannot claim that he was unaware of the danger that the gun might discharge; the appellant created the risk by placing the gun in front of the victim, then later by picking it up and pointing it in her direction. The appellant's claim is without merit.
 II.
Next, the appellant claims that the trial court erred in sentencing him to 15 years' imprisonment. Manslaughter is a Class B felony, punishable by a maximum of 20 years' imprisonment. The 15 year sentence is well within that allowable limit, thus the trial court did not err in setting this sentence. It did err, however, when it split the 15-year sentence and ordered the appellant to serve four years. The statute that authorizes split sentences provides that the maximum term of imprisonment upon applicability *Page 227 
of the split sentence option is three years' imprisonment.See, § 15-18-8(a)(1), Ala. Code 1975.
This court, in Wood v. State, 602 So.2d 1195
(Ala.Crim.App. 1992), remanded a case for resentencing after the trial court modified a valid sentence that had been improperly split under the split sentence act, which was not then in effect, by increasing the sentence by two years. We held in Wood that the underlying sentence was valid and that it was only the manner in which the trial court split the sentence which was improper.See, Thomas v. State, 552 So.2d 875, 876 (Ala.Crim.App. 1989),aff'd, 552 So.2d 878 (Ala. 1989). Therefore, this cause is remanded for the trial court to resentence the appellant in accordance with § 15-18-8(a)(1), Ala. Code 1975, which allows no more than a three-year term of confinement, or, if it determines not to apply the split sentence act, to reinstate the full 15 year term of imprisonment.
 III.
The appellant further complains that the trial court erred in denying the appellant's motion to suppress. The appellant claims that he made an equivocal request for an attorney before giving a statement to the police on October 24, 1994. At the hearing on the motion to suppress the appellant's statement, both police officers who interviewed the appellant on October 24, 1994 denied that the appellant ever requested an attorney, either equivocally or unequivocally. (R. 529-31, 594-98.) As this court held in Brown v. State, 668 So.2d 102
(Ala.Crim.App. 1995):
 " '[T]he suspect must unambiguously request counsel. As we have observed, "a statement either is such an assertion of the right to counsel or it is not.". . . . [A suspect] must articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney. If the statement fails to meet the requisite level of clarity, Edwards [v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981)] does not require that the officers stop questioning the suspect.' "
668 So.2d at 103, quoting Davis v. U.S., 512 U.S. 452,114 S.Ct. 2350, 129 L.Ed.2d 362 (1994), (first citations omitted). Therefore, if a suspect makes a request for an attorney that is equivocal or ambiguous so that a reasonable police officer would understand only that the witness might be invoking the right to counsel, our precedent does not require that all questioning cease. Brown, supra. See, Moran v. Burbine,475 U.S. 412, 433, n. 4, 106 S.Ct. 1135, 1147 n. 4, 89 L.Ed.2d 410
(1986) ("the interrogation must cease until an attorney is present only if the individual states that he wants an attorney"); McNeil v. Wisconsin, 501 U.S. 171, 178,111 S.Ct. 2204, 2209, 115 L.Ed.2d 158 (1991) (the likelihood that a suspect would want counsel to be present is not the test for applicability of Edwards v. Arizona, 451 U.S. 477,101 S.Ct. 1880, 68 L.Ed.2d 378 (1981)).
Sheriff Plott, the officer to whom the appellant directed his alleged request for counsel, testified that the appellant said that he would not be able to afford an attorney but that he never directly requested one. (R. 597.) The appellant had asked the sheriff what he should do, and the sheriff advised that the appellant tell the truth, but emphasized that that might not be in his best interest and that he could talk to the judge and have an attorney present if he wanted. (R. 597.) The appellant then signed the waiver and agreed to give a statement.
The trial court denied the motion to suppress the appellant's statement. The Alabama Supreme Court has held that the findings of the trial court regarding the voluntariness of a confession, following a hearing held outside the presence of the jury, will not be disturbed on appeal unless 'manifestly contrary to the great weight of the evidence.' Ex parte Matthews, 601 So.2d 52, 53 (Ala.), cert. denied, 505 U.S. 1206, 112 S.Ct. 2996, 120 L.Ed.2d 872 (1992).See, Hogan v. State, 663 So.2d 1017, (Ala.Crim.App. 1994);Nelson v. State, 623 So.2d 432, 435 (Ala.Crim.App. 1993). After reviewing this record, we find no error in the trial court's refusal to suppress the appellant's statement. *Page 228 
 IV.
Finally, the appellant contends that the trial court erred in allowing the State to make an allegedly improper inference from the evidence in this case. The appellant complains that the State was improperly allowed to argue in closing that the appellant mounted his rifle on his shoulder and shot the victim in the heart. This argument, he says, presumes facts not in evidence. The appellant correctly notes the general rule that counsel is given great latitude in drawing reasonable inferences from the evidence. However, he citesEx parte Ward, 497 So.2d 575 (Ala. 1986), for the proposition that where the trial court admits illegal evidence, the standard for review is whether that illegal evidence might have influenced the jury in arriving at the verdict.
Neither the statements made by the prosecution during its closing argument nor any inferences drawn by counsel from the evidence are evidence in this or any case. The trial court correctly overruled the appellant's objection to the prosecution's comment which was based on a reasonable inference from the evidence.
For the foregoing reasons, this court affirms the appellant's conviction. However, we remand this case with directions that the trial court vacate the current sentence, which violates § 15-18-8, Ala. Code 1975, and resentence the appellant in accordance with that statute or resentence the appellant to the entire term of imprisonment not to exceed the original valid sentence of 15 years' imprisonment. An order from the circuit court showing compliance with these directions shall be forwarded to this court within 70 days from the date of this opinion.
AFFIRMED AS TO CONVICTION; REMANDED WITH DIRECTIONS AS TO SENTENCE.*
All the Judges concur.
* Note from the reporter of decisions: On November 22, 1996, on return to remand, the Court of Criminal Appeals affirmed, without opinion, and on February 28, 1997, that court denied rehearing, without opinion. On June 13, 1997, the Supreme Court denied certiorari review, without opinion (docket 1960951).