BASCHAB, Judge.
The appellant, Talanda McQueen, alleges that, on October 31, 2000, he pled guilty to first-degree escape. He also alleges that the trial court sentenced him to serve a term of fifteen years in prison, but split the sentence and ordered him to serve five years in prison. He did not appeal his conviction. On August 13, 2001, the appellant filed a Rule 32 petition, challenging his conviction and sentence. Without requiring a response from the State, the circuit court summarily denied his petition. This appeal followed.
I.
The appellant argues that the trial court did not have jurisdiction to render a judgment and impose a sentence in his case and that his sentence exceeds the maximum authorized by law or is otherwise not authorized by law. Specifically, he contends that, under the facts of his case, he should have been convicted only of the misdemeanor offense of willful failure of an inmate to remain within the extended limits of confinement or return to the place of confinement within the time prescribed rather than the felony offense of first-degree escape. Although the appellant couches his claims in jurisdictional terms, they are actually nonjurisdictional challenges to the sufficiency of the evidence that are precluded because he could have raised them at trial and on appeal, but did not. See Rule 32.2(a)(3) and (5), Ala. R.Crim. P.; Shoulders v. State, 703 So.2d 1015 (Ala.Crim.App.1997).
II.
The appellant also argues that the split portion of his sentence is illegal and that the trial court did not have jurisdiction to impose such a sentence. Specifically, he contends that the trial court did not have jurisdiction to order him to serve a five year period of incarceration as part of his split sentence. The State concedes that this argument may be meritorious. The appellant alleges that he was sentenced after the May 25, 2000, amendment to § 15-18-8, Ala.Code 1975, went into effect. Section 15-18-8(a), Ala.Code 1975, *785 as amended effective May 25, 2000, provides, in pertinent part:
“When a defendant is convicted of an offense and receives a sentence of 20 years or less in any court having jurisdiction to try offenses against the State of Alabama and the judge presiding over the case is satisfied that the ends of justice and the best interests of the public as well as the defendant will be served thereby, he or she may order:
“(1) That the convicted defendant be confined in a prison, jail-type institution, or treatment institution for a period not exceeding three years in cases where the imposed sentence is not more than 15 years, and that the execution of the remainder of the sentence be suspended notwithstanding any provision of the law to the contrary and that the defendant be placed on probation for such period and upon such terms as the court deems best. In cases involving an imposed sentence of greater than 15 years, but not more than 20 years, the sentencing judge may order that the convicted defendant be confined in a prison, jail-type institution, or treatment institution for a period not exceeding five years, but not less than three years.... ”
(Emphasis added.) If the trial court sentenced the appellant pursuant to § 15 — 18— 8, Ala. Code 1975, as amended effective May 25, 2000, the maximum period of incarceration it could have imposed on the split portion of his sentence was three years. Therefore, if the trial court imposed a split sentence and ordered the appellant to a serve a term of five years in prison on the split portion of his sentence, the split portion of his sentence exceeds the maximum authorized by law. See Berry v. State, 698 So.2d 225 (Ala.Crim.App.1996).[1]
Because the appellant’s argument may be meritorious, we remand this case to the circuit court with instructions that that court make specific, written findings of fact regarding the date the appellant pled guilty, the date he was sentenced, the sentence imposed, and the exact terms of his sentence. On remand, the circuit court may require the State to respond specifically to the appellant’s illegal sentence claim and/or may conduct an evidentiary hearing on that claim. If the circuit court determines that the trial court imposed a split sentence and ordered the appellant to serve an excessive term in prison on the split portion of his sentence, it may grant appropriate relief. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court *786 at the earliest possible time and within 42 days after the release of this opinion. The return to remand shall include the circuit court’s specific, written findings of fact and, if such documents are available, copies of the case action summary sheet, the sentencing order, and the transcript of the guilty plea and sentencing proceedings.
REMANDED WITH INSTRUCTIONS.*
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.

. Even if the trial court sentenced the appellant before the May 25, 2000, amendment went into effect, the appellant's argument may still be meritorious. Before May 25, 2000, § 15-18-8(a), Ala.Code 1975, provided, in pertinent part:
"When a defendant is convicted of an offense and receives a sentence of 15 years or less in any court having jurisdiction to try offenses against the State of Alabama and the judge presiding over the case is satisfied that the ends of justice and the best interests of the public as well as the defendant will be served thereby, he may order:
"(1) That the convicted defendant be confined in a prison, jail-type institution or treatment institution for a period not exceeding three years and that the execution of the remainder of the sentence be suspended and the defendant be placed on probation for such period and upon such terms as the court deems best. ...”
(Emphasis added.) Thus, even under the previous version of § 15-18-8, Ala.Code 1975, if the trial court imposed a split sentence and ordered the appellant to serve a term of five years in prison on the split portion of his sentence, the split portion of his sentence would exceed the maximum authorized by law. See Berry, supra.

 Note from the reporter of decisions: On March 15, 2002, on return to remand, the Court of Criminal Appeals affirmed, without opinion.